No. 12-60694 (Consolidated)
NO. 13-60538

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

LUMINANT GENERATION COMPANY, LLC, ENERGY FUTURE
HOLDINGS CORPORATION,

*Petitioners,*

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; LISA JACKSON,
ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

*Respondent.*

_____

ON PETITION FOR REVIEW OF FINAL ACTIONS OF THE UNITED STATES
ENVIRONMENTAL PROTECTION AGENCY

_____

## BRIEF OF THE STATE OF TEXAS
## AS AMICUS CURIAE IN SUPPORT OF NEITHER PARTY

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JOHN B. SCOTT
Deputy Attorney General for Civil
Litigation

JON NIERMANN
Chief, Environmental Protection
Division

**October 23, 2013**

LINDA SECORD
Assistant Attorney General
*Counsel of Record*
Linda.Secord@texasattorneygeneral.gov

MARK A. STEINBACH
Assistant Attorney General
Mark.Steinbach@texasattorneygeneral.gov

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 066)
Austin, Texas 78711-2548
Tel: (512) 463-2012  Fax: (512) 320-0911
COUNSEL FOR AMICUS CURIAE

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................. ii

TABLE OF AUTHORITIES .................................................................... iii

STATEMENT OF INTERESTS OF THE STATE OF TEXAS .............................. 1

ARGUMENT ........................................................................................... 1

I.   Texas has an important interest in receiving complete NFOVs. ..................... 2

II.  Texas cannot yet determine whether the NFOVs in this case show violations of the Texas SIP. ............................................................... 3

III. The State will be harmed if the TCEQ is significantly delayed in obtaining the full NFOVs or finds the full NFOVs to be defective. ............... 5

CONCLUSION ........................................................................................ 5

CERTIFICATE OF COMPLIANCE ........................................................... 7

CERTIFICATE OF SERVICE .................................................................. 7

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Luminant Generation Co., L.L.C. v. EPA*,
    675 F.3d 917 (5th Cir. 2012) ...........................................................................2

*United States v. B & W Inv. Properties*,
    38 F.3d 362 (7th Cir. 1994) ............................................................................3

*United States v. Ohio Dep't of Highway Safety*,
    635 F.2d 1195, 1202 (6th Cir. 1980) ..............................................................3

## <u>Federal Statutes</u>

42 U.S.C. § 7401(a)(3) ......................................................................................3

42 U.S.C.§ 7407(a) ...........................................................................................3

42 U.S.C. § 7413(a)(1) ......................................................................................2

## <u>Regulations and Rules</u>

40 C.F.R. 2.30(h)(3) ..........................................................................................4

Fed. R. App. P. 29(a) ........................................................................................1

## STATEMENT OF INTERESTS OF THE STATE OF TEXAS

The State of Texas submits this brief as *amicus curiae* pursuant to Fed. R. App. P. 29(a). The State, through its Texas Commission on Environmental Quality (TCEQ), implements the Federal Clean Air Act (CAA) and the Texas Clean Air Act to protect Texas's air quality. The Notices and Findings of Violations (NFOVs) issued by the United States Environmental Protection Agency (EPA) that are the subject of this case directly impact Texas's ability to enforce air quality regulations.

## ARGUMENT

Petitioners request the Court to vacate two NFOVs (2012 NFOV and 2013 NFOV) issued by the EPA in connection with two power generation units in the State of Texas.[1] Both NFOVs allege that changes to the power generation units described in a non-public appendix "resulted in a significant net emissions increase of $SO_2$ and/or $NO_x$ . . ." and constitute "major modification(s)" under the Texas prevention of significant deterioration (PSD) rules in its state implementation plan (SIP). The EPA delivered copies of the NFOVs to the TCEQ but withheld as confidential the non-public appendices. The TCEQ is now working with the EPA to obtain the non-public appendices.

The State of Texas has an important interest in obtaining sufficiently detailed NFOVs in order to fulfill its role as primary enforcement authority for the

---

[1] These NFOVs are listed in the Certified Index to the Administrative Record at E.35 and E.45 (Docket No. 00512364363).

CAA in Texas. Because the TCEQ has not yet obtained the complete NFOVs, it cannot determine whether the NFOVs correctly apply the provisions of the Texas SIP to the power generation units at issue. Moreover, if the TCEQ is significantly delayed in obtaining the appendices or finds that they fail to recite facts sufficient to provide notice of the alleged violations, the TCEQ will be prevented from discharging its responsibility in administering the CAA in Texas.

Texas intends this amicus brief to provide the Court with additional information relevant only to the adequacy of the required notice to the State. Texas takes no position on the parties' arguments, and neither supports nor opposes Petitioners' request to vacate the NFOVs.

## I.    Texas Has an Important Interest in Receiving Complete NFOVs.

This Court recently described the CAA as "[a]n experiment in cooperative federalism" in which the States "bear the primary responsibility for implementing" national air quality standards. *Luminant Generation Co. v. EPA*, 675 F.3d 917, 921 (5th Cir. 2012) (internal citations and quotations omitted). The States' primary responsibility for implementation of the CAA is demonstrated in the notice provision at issue in this appeal. It provides that before taking an enforcement action for violation of a SIP, the EPA "shall notify the person and the State in which the plan applies of such finding." 42 U.S.C. § 7413(a)(1). After such notice

is issued to the State, the EPA must wait 30 days before pursuing an enforcement action. *Id.*

The notice requirement protects the States' primary enforcement role by "allowing the state to act to enforce its own implementation plan before the EPA steps in." *United States v. B & W Inv. Props.*, 38 F.3d 362, 366 (7th Cir. 1994) (distinguishing the SIP enforcement process from the enforcement process related to federal regulation of hazardous air pollution); *see also United States v. Ohio Dep't of Highway Safety*, 635 F.2d 1195, 1202 (6th Cir. 1980).

Providing notice of an alleged violation of a SIP allows the States to uniformly apply their implementation plans with respect to enforcement and penalty decisions within their jurisdictions. The States' ability to make these decisions is a central component of the CAA. *See* 42 U.S.C. § 7401(a)(3) ("[A]ir pollution prevention . . . is the primary responsibility of States and local governments."); § 7407(a) ("Each State shall have the primary responsibility for assuring air quality within [its] entire geographic area.").

## II. Texas Cannot Yet Determine Whether the NFOVs in This Case Show Violations of the Texas SIP.

Texas cannot yet determine whether the NFOVs show violations of the Texas SIP because the TCEQ does not have the complete documents. The EPA withheld the appendices from the NFOVs it provided to the TCEQ because the EPA determined that they contain confidential information.

Based on what is stated in the incomplete NFOVs, the non-public appendices appear to provide the central basis for EPA's finding of violations. Both NFOVs indicate that "physical changes and/or changes in the method of operation" of the subject power generation units are described in the non-public appendices. 2012 NFOV ¶ 36; 2013 NFOV ¶ 32. Both NFOVs allege that these changes "resulted in a 'significant' net emissions increase of $SO_2$ and/or $NO_x$" and accordingly "constitute a 'major modification(s)'" under the Texas PSD rules. 2012 NFOV ¶¶ 37-38; 2013 NFOV ¶¶ 33-34. The NFOVs allege that Petitioners are in violation of the Texas SIP by constructing these "major modifications" without obtaining PSD permits and utilizing best available control technology. 2012 NFOV ¶ 41; 2013 NFOV ¶ 37. However, the TCEQ cannot validate these conclusions in the absence of any supporting factual allegations, which the non-public appendices purport to contain.

The TCEQ and EPA have initiated discussions for the TCEQ to obtain the non-public appendices under procedures set forth in 40 C.F.R. § 2.301(h)(3); however, this process has been delayed by the federal government shut-down that lasted from October 1 to October 17. The EPA and TCEQ are working diligently to complete the process, but it is not yet clear when the TCEQ will receive the appendices.

**III.    The State Will Be Harmed If the TCEQ Is Significantly Delayed in Obtaining the Full NFOVs or Finds the Full NFOVs Inadequate.**

Texas will be harmed if the TCEQ is significantly delayed in obtaining the non-public appendices or, once the TCEQ has obtained the appendices, the NFOVs fail to provide sufficient facts to apprise the TCEQ of the conduct that gives rise to the alleged violations. In either case, the TCEQ would be without the statutory notice required by the CAA, thus infringing upon Texas's role as the primary regulating authority for the CAA in the State of Texas.

### CONCLUSION

For the foregoing reasons, the State of Texas has an important interest in obtaining the complete NFOVs at issue in this appeal. This *amicus* brief is intended to assist the Court by informing it of the State of Texas's view on matters directly affecting the regulation of air quality in Texas. The State does not support any particular party to this suit nor does it ask the Court for any specific ruling in this case.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JOHN B. SCOTT
Deputy Attorney General for Civil Litigation

JON NIERMANN
Chief, Environmental Protection Division


 /s/ Linda B. Secord_____
LINDA B. SECORD
Assistant Attorney General

MARK A. STEINBACH
Assistant Attorney General
*Admission to the Fifth Circuit Pending*

OFFICE OF THE ATTORNEY GENERAL
Environmental Protection Division
P. O. Box 12548
Austin, Texas  78711-2548
Tel:   (512) 463-2012
Fax:   (512) 320-0911
Email: linda.secord@texasattorneygeneral.gov

COUNSEL FOR AMICUS CURIAE STATE OF TEXAS

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 1,091 words excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requires of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using 14-point times new roman and footnotes are at least 12-point times new roman.

Dated: October 23, 2013

> */s/ Linda B. Secord*
> Linda B. Secord
> Attorney for The State of Texas,
> Amicus Curiae

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on October 23, 2013.

> /s/ Linda B. Secord
> LINDA SECORD